# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

COREY WOODLAND,

    Plaintiff,

v.                                       Case No. 21-CV-1368

CHRISTINE ROSS,
DIONNA CLEMMONS, and
NEIL THORESON,

    Defendants.

## ORDER SCREENING THE COMPLAINT

On December 6, 2021, plaintiff Corey Woodland, who is incarcerated at Fox Lake Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Before the court had the chance to screen his complaint, Woodland filed two additional amended complaints. (ECF No. 6, 10.) Because Woodland may file an amended pleading as a matter of course before service on the opposing party, *see* Fed. R. Civ. P. 15(a), and because "an amended complaint supersedes an original complaint and renders the original complaint void." *Flanner v. Recording Indus. Ass'n of American*, 354 F.3d 632, 638 n. (7th Cir. 2004) (citations omitted), the court will screen his second amended complaint. (ECF No. 10.)

Woodland also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) In addition to screening the second amended complaint, this order will also resolve that motion.

The court has jurisdiction to resolve Woodland's motion to proceed without prepaying the filing fee and to screen the second amended complaint in light of Woodland's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Woodland was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On December 6, 2021, Woodland filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On December 8, 2021, the court ordered Woodland to pay an initial partial filing fee of $68.69 by December 30, 2021. (ECF No. 5.) On January 4, 2022, Woodland filed a motion requesting an extension of time to pay the initial partial filing fee, which the court granted, giving him until

January 27, 2022. (ECF No. 9.) Woodland paid that fee on January 11, 2022. The court will grant Woodland's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Woodland was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Woodland's Allegations*

Woodland alleges that on May 9, 2018, defendant Christine Ross, his probation agent, had him arrested at work because she had probable cause Woodland was involved in a robbery of a Game Stop store in Milwaukee, Wisconsin. (ECF No. 10, ¶¶ 1-2.) Ross's probable cause finding was based off her positively identifying Woodland in still photos of the robbery. (*Id.*, ¶ 1.)

On May 22, 2018, Woodland received notice that there would be a revocation hearing, and the notice informed Woodland that "he may inspect any evidence to be used against him at [the] revocation hearing." (*Id.*, ¶ 4.) When Woodland received the evidence packet prior to the hearing, the still photos that formed the basis of

4

Ross's probable cause finding were not included. (*Id.*, ¶ 5.) Both Woodland and his attorney made several requests to Ross for the photos, but Ross never produced the photos. (*Id.*, ¶ 6.)

Woodland's revocation hearing took place on September 13, 2018. (*Id.*, ¶ 7.) During the hearing, Ross testified regarding the photos, and Woodland's attorney objected because the photos had not been disclosed. (*Id.*, ¶ 8.) The Administrative Law Judge overruled the objection on the grounds that the photos were on the record, even though they were not. (*Id.*)

On September 26, 2018, the ALJ issued a written decision revoking Woodland's extended supervision. (*Id.*, ¶ 10.) According to Woodland, the basis for the decision was Ross's positive identification of Woodland based off the still photos. (*Id.*, ¶ 11.)

In November and December 2018, Woodland wrote to defendants Dionna Clemmons and Neil Thorson, Ross's supervisors, regarding the non-disclosure of the photos prior to his revocation hearing. (*Id.*, ¶¶ 13-14.) Clemmons never responded, and Thoreson responded that Woodland's concerns were without merit. (*Id.*)

Woodland also "sought judicial review of the decision" apparently to the Wisconsin Court of Appeals, but his allegations are unclear. (*Id.*, ¶ 15.) Woodland notes during briefing of the judicial review, the Wisconsin Court of Appeals administrator, not a defendant, found that there were due process violations in failing to disclose the photos. (*Id.*) The outcome of the judicial review process is unclear from Woodland's second amended complaint.

*Analysis*

Woodland claims that the defendants' actions implicated his Fourteenth Amendment due process rights. At the outset, the court must ask whether finding in Woodland's favor "would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). At its core, Woodland's claim is that the revocation of his extended supervision was erroneous because it was based on evidence that was not in the record and that he did not have access to. Thus, if the court finds in his favor, it would imply the invalidity of the revocation of his extended supervision.

In this instance, the court must dismiss Woodland's § 1983 complaint. *See Peet-williams v. Hamilton*, 20-cv-420-pp, 2021 WL 212235 at *2 (E.D. Wis. Jan. 21, 2021) (finding that where a plaintiff's claims of issues with evidence a parole revocation hearing implied the invalidity of his parole revocation, plaintiff's § 1983 claim must be dismissed). Instead, Woodland must first exhaust his state court remedies. Based off Woodland's allegations, he appears to be in the process of exhausting his state court remedies. Once he exhausts those remedies, and he still remains in custody because of his parole revocation, he can challenge the validity of his confinement by filing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006). If he successfully gets his revocation overturned at the state level, he may refile his § 1983 suit.

**THEREFORE, IT IS ORDERED** that Woodland's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The clerk will enter judgment accordingly.

**IT IS FURTHER ORDERED** that the agency having custody of Woodland shall collect from his institution trust account the $281.31 balance of the filing fee by collecting monthly payments from Woodland's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Woodland is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Woodland is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 25th day of March, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge